**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02867-DOC-ADS                    Date:  March 18, 2026

Title: Ameris Bank v. Springdale Family Practice, PA, et. al.

PRESENT:      THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):    **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [15]**

Before the Court is Plaintiff Ameris Bank, doing business as Balboa Capital Corporation ("Plaintiff" or "Balboa")'s Motion for Default Judgment ("Motion" or "Mot.") (Dkt. 18). The Defendants in this case are Springdale Family Practice, PA ("Springdale") and John Robert Dunn, an individual ("Dunn") (collectively, "Defendants"). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. For the following reasons, the Court hereby **GRANTS** Plaintiff's Motion.

I.     **Background**

A.     **Facts**

This matter is for breach of contract based on the Settlement Release Agreement (the "SRA") and corresponding personal guaranty.

On or about August 30, 2023, Plaintiff entered into a SRA with Springdale and Dunn. Declaration of Don Ngo ("Ngo Decl."), Ex. A (Dkt. 18-1). Under the terms of the SRA, Defendants agreed to make one (1) initial payment of $4,668.30 to be paid no later than September 8, 2023 followed by fifty-one (51) monthly payments of $4,668.30, beginning October 8, 2023 and continuing on the 8th day of each and every month up to and including December 8, 2027, to settle the amounts due and owing for the breach of Equipment Financing Agreement No. 394883-000 (the "EFA"). Id. Plaintiff received payments from Defendants through February 8, 2025, however on March 8, 2025,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02867-DOC-ADS                     Date: March 18, 2026
                                                                                    Page 2

Defendants failed to make the monthly payment due on that date. Plaintiff contends there was a default under the SAR. Mot. at 1. The total sum of unpaid monthly payments amounts to $158,722.20. *Id.*

The Notice-and-Cure on Installments section of the SRA provides that "in the event the Defendant fail to cure the late installment", Balboa may "declare the Agreement in default, accelerate all sums due, and exercise all remedies pursuant to this Agreement" Ngo Decl., Ex. A. Based upon this section, Balboa calculated that the amount due totaled $158,722.20. Mot. at 7.

Balboa also seeks prejudgment interest. Based on the amount due of $158,722.20, Balboa seeks prejudgment interest at the statutory rate of ten percent (10%) per annum, from March 8, 2025, the date of breach, until March 30, 2026, the date noticed for the hearing of this Motion, for a total interest amount of $16,870.24, accruing at a rate of $43.48 per day, until the entry of judgment. Mot. at 7.

The Attorney Fee section of the SRA provides that "in the event of any dispute, claim, arbitration, or litigation," … "the prevailing Party or Parties" … "shall be entitled to recover its attorney's fees, costs and expenses." Ngo Decl., Ex. A. Balboa also seeks costs from Defendants in the amount of $5,415.00 to bring this litigation and attorney's fees in the amount of $6,774.44. *Id.* at 8. In total, Balboa seeks $187,781.88 including interest until the noticed hearing date. Mot. at 9.

**B.     Procedural History**

Plaintiff filed its Complaint (Dkt. 1) on December 31, 2025. Defendants were properly served on January 15, 2026. Defendants failed to file an answer or otherwise respond, and the Clerk entered default against Defendants on February 13, 2026 (Dkt. 16). Plaintiff filed this Motion (Dkt. 18) on February 24, 2026.

**II.     Legal Standard**

Federal Rule of Civil Procedure 55(b) provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). Local Rule 55 sets forth procedural requirements that must be satisfied by a party moving for default judgment. C.D. Cal. R. 55. Entry by the Clerk is proper when the amount of damages is "for a sum certain or a sum that can be made certain by computation"; entry by the Court is proper "[i]n all other cases." Fed. R. Civ. P. 55(b).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02867-DOC-ADS                    Date:  March 18, 2026
                                                                                          Page 3

Upon entry of default, the well-pleaded allegations of the complaint are taken as true, with the exception of allegations concerning the amount of damages. *See, e.g., Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion for default judgment. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

When deciding whether to enter default judgment, courts consider seven factors:

> (1) the possibility of prejudice to the plaintiff;
> (2) the merits of plaintiff's substantive claim;
> (3) the sufficiency of the complaint;
> (4) the sum of money at stake in the action;
> (5) the possibility of a dispute concerning material facts;
> (6) whether the default was due to excusable neglect; and
> (7) the strong policy underlying the Federal Rules of Civil
> Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

**III.    Discussion**

Plaintiff has satisfied the requirements of Local Rules 55-1 and 55-2 and Federal Rule of Civil Procedure 55(b). Having determined Plaintiff's procedural compliance, the Court turns to the substance of Plaintiff's Motion by analyzing each *Eitel* factor in turn.

**A. Possibility of Prejudice to the Plaintiff**

The first *Eitel* factor requires the Court to consider the harm to Plaintiff if the Court does not grant default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, without an entry of default judgment, Plaintiff will be prejudiced and denied the right to a judicial resolution of the claims presented. *See id.* Plaintiff alleges that the Defendants owe it money under the SRA, and Defendants' failure to defend against this action by failing to respond to the Complaint denies Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02867-DOC-ADS                           Date:  March 18, 2026
                                                                                    Page 4

the rights secured under the contract. Accordingly, the Court finds that this factor weighs in favor of default judgment.

**B.  Merits of the Claim and Sufficiency of the Complaint**

Courts often consider the second and third *Eitel* factors together. *See PepsiCo*, 238 F. Supp. 2d at 1175. The second and third *Eitel* factors favor default judgment where the complaint states a claim for relief. *Id.* at 1177 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). When analyzing the second and third *Eitel* factors, courts accept as true all well-pleaded allegations regarding liability. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The SRA provides that if a default occurs, Plaintiff may declare the entire balance of loan payments immediately due and payable and recover all remedies pursuant to the SRA. Ngo Decl. Ex. A. Plaintiff alleges that Defendants defaulted on the SRA due to failure to make the monthly payment due on March 8, 2025. Mot at 7. Taking these allegations as true, Plaintiff is entitled to the unpaid balance under the SRA.

Thus, the second and third *Eitel* factors weigh in favor of granting the Motion.

**C.  Sum of Money at Stake**

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. This requires the Court to assess whether the recovery sought is proportional to the harm caused by the defendant's conduct. *See Walters v. Statewide Concrete Barrier, Inc.*, No. C 04-2559 JSW, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted."). "Default judgment is disfavored when the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).

Here, the amount of money that Plaintiff seeks is reasonable. Plaintiff and Defendants voluntarily entered into the SRA contract, and the terms are not unconscionable. Plaintiff is seeking to recover in accordance with the contract's terms.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-02867-DOC-ADS                          Date: March 18, 2026
                                                                                      Page 5

Plaintiff's requested sum is also proportionate to the harm because it seeks only the amount due under the contract and costs related to enforcement.

### D. Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor requires the Court to consider the possibility of dispute as to material facts in the case. Here, Plaintiff provided a well-pleaded complaint, and Defendants failed to defend the action by failing to answer or appear. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177 (citing *Televideo Sys., Inc.*, 826 F.2d at 917-18). Accordingly, this factor weighs in favor of default judgment.

### E. Possibility of Excusable Neglect

The sixth *Eitel* factor considers the possibility that a defendant's default resulted from excusable neglect. *Vogel*, 992 F. Supp. 2d at 1013; *see also Eitel*, 782 F.2d at 1471-72. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present their objections before a final judgment is rendered. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). While there is always a possibility that a defendant might appear and claim excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co. Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Here, Defendants were properly served with the Complaint and Summons. Dkt. 12-13. However, Defendants did not file an answer or a responsive pleading to the Complaint, even though a response was due to be filed. Defendants were also served with the Motion. Dkt. 18-4. The Court therefore finds that the possibility of excusable neglect is low.

### F. Strong Policy Favoring Decisions on the Merits

The seventh *Eitel* factor requires the Court to consider the strong judicial policy favoring decisions on the merits before granting default judgment. "Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the very existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Rule 55(a) allows a court to decide a case before the merits are heard if a defendant fails to appear and

3:26-mc-00452-CIV    Date Filed 05/14/26    Entry Number 1-1    Page 6 of 8
Case 8:25-cv-02867-DOC-ADS    Document 19    Filed 03/18/26    Page 6 of 7    Page ID
#:116

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-02867-DOC-ADS                    Date:  March 18, 2026
                                                               Page 6

defend. *Id.* ("Defendant's failure to answer plaintiff's complaint makes a decision on the merits impractical, if not impossible."). Since Defendants have not responded to Plaintiff's Complaint, the Court is not precluded from entering judgement.

Taken together, the seven *Eitel* factors weigh in favor of granting default judgment against Defendants.

### G. Remedies

Having determined that default judgment is proper, the Court turns to the remedies sought. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Once "[i]njury is established[,] . . . plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). While the Court is not required to issue findings of fact as to liability, it must do so as to damages. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). The Court can consider "declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable" when assessing whether "there is an adequate basis for the damages awarded in the default judgment." *Xerox Corp. v. Am. Mail Ctrs., Inc.*, 2016 WL 10834102, at *2 (C.D. Cal. Oct. 14, 2016) (quoted citation omitted).

Here, the damages that Plaintiff seeks fall into four categories: payments due under the SRA, costs, attorneys' fees, and pre-judgment interest on the outstanding payments. Mot. at 7-9.

First, Plaintiff claims that Defendant owes $158,722.20 in monthly payments under the SRA. Mot. at 7. After reviewing the terms of the contract and taking the allegations of Defendants' default as true, the Court finds this amount to be correct.

Second, the SRA provided that Defendants must pay Plaintiff's attorneys' fees and costs in an action such as this one. Plaintiff claims it is entitled to attorneys' fees that amount to $6,774.44. Mot. at 8. The Court finds that this amount is correct based on the final judgement amount and Local Rule 55-3. Plaintiff also claims it is entitled to $5,415.00 in costs—$405.00 for filing its Complaint, $2,505.00 for the service of process fees for Springdale Family Practice, and $2,505.00 for the service of process fees for John Robert Dunn. Mot. at 8. The Court finds these service of process fees are unreasonable. The invoices provided to the Court simply provide the total sum and do not

3:26-mc-00452-CIV    Date Filed 05/14/26    Entry Number 1-1    Page 7 of 8
Case 8:25-cv-02867-DOC-ADS    Document 19    Filed 03/18/26    Page 7 of 7    Page ID
#:117

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

### CIVIL MINUTES – GENERAL

Case No. 8:25-cv-02867-DOC-ADS                           Date:  March 18, 2026
                                                                           Page 7

explain what could have caused thousands in service of process fees. Thus, the Court grants $6.774.44 in attorneys' fees and $405.00 for filing the Complaint.

Finally, the amount of pre-judgment interest on the SRA's outstanding balance reflects an annual interest rate of 10%. This Court finds that Plaintiff is entitled to prejudgment interest and that the interest rate is reasonable. *See N. Oakland Med. Clinic v. Rogers*, 65 Cal. App. 4th 824, 828 (1998). Plaintiff argues that interest should accrue from March 8, 2025, the date of breach, until the date of judgment, March 30, 2026. The Court finds that the date of breach is March 8, 2025 when Defendants did not make the payment due on that date, until the date of order granted, March 18, 2026. On the amount of $16,391.96, interest accrues at $43.48 per day. There are 377 days between March 8, 2025, and the date of the order granted, March 18, 2026. Thus, $43.48 multiplied by 377 days is $16,391.96 in interest.

### IV.    Disposition

For the foregoing reasons, the Court **GRANTS** the Motion. In particular, the Court enters judgment in this matter in favor of Plaintiff Balboa and against Defendants Springdale Family Practice, PA and John Robert Dunn in the total amount of **$182,293.6** which represents:

1. the outstanding payments due under the SRA of $158,722.20
2. attorneys' fees in the amount of $6,774.44;
3. $405.00 in costs for filing the Complaint and
4. $16,391.96 in prejudgment interest at the statutory rate of ten percent (10%) per annum, from one month after the last payment made until the date of judgment

The hearing in this matter scheduled for March 30, 2026, is **VACATED**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                     Initials of Deputy Clerk: kdu

CIVIL-GEN

I hereby attest and certify on 4/23/26 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK



1253

PRISCILLA DEASON